1  PAUL L. REIN, Esq. (SBN 43053)
   PATRICIA BARBOSA, Esq. (SBN 125865)
2  JULIE MCLEAN, Esq. (SBN 215202)
   LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Dr., Suite A
   Oakland, CA 94612
4  (510) 832-5001

5  Attorneys for Plaintiff
   CHRISTINA ADAMS
6

7
                  UNITED STATES DISTRICT COURT
8              NORTHERN DISTRICT OF CALIFORNIA

9

10  CHRISTINA ADAMS,              CASE NO.
                                  Civil Rights
11          Plaintiff,

12  v.                           **COMPLAINT FOR INJUNCTIVE
                                 RELIEF AND DAMAGES:
13                               DENIAL OF CIVIL RIGHTS OF A
                                 DISABLED PERSON IN
14                               VIOLATION OF THE
    SAN FRANCISCO CENTRAL        AMERICANS WITH
15  TRAVELODGE; WW LODGING       DISABILITIES ACT OF 1990, AND
    INC.; WW LODGING LIMITED     IN VIOLATION OF
16  LLC; RTRN INVESTMENT, LLC;   CALIFORNIA'S DISABLED
    and DOES 1-25, Inclusive,    RIGHTS STATUTES**
17
            Defendants.
18  _____/  **DEMAND FOR JURY TRIAL**

19

20          Plaintiff CHRISTINA ADAMS complains of defendants SAN

21  FRANCISCO CENTRAL TRAVELODGE; WW LODGING INC.; WW

22  LODGING LIMITED LLC; RTRN INVESTMENT, LLC; and DOES 1-25,

23  Inclusive, (hereafter "defendants"), and demands a trial by jury, and alleges as

24  follows:

25

26  **INTRODUCTION**

27          1.      Plaintiff CHRISTINA ADAMS is a physically disabled

28  wheelchair-using person who was denied accessible accommodations as a guest at

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -1-      S:\SLR\TRAVELODGE-ADAMS\PLEADINGS\TRAVELODGE.CMP.wpd

1   the San Francisco Central Travelodge (hereinafter sometimes "Motel"), located at

2   1707 Market Street, San Francisco, California, which is owned and operated by

3   defendants SAN FRANCISCO CENTRAL TRAVELODGE; WW LODGING

4   INC.; WW LODGING LIMITED LLC; RTRN INVESTMENT, LLC; and DOES

5   1-25, Inclusive. Plaintiff was denied full and equal access rights to use of the

6   public facilities at the Motel, including motel registration facilities, common areas,

7   guest rooms, and parking places.  Because the defendants failed to provide any

8   and/or a sufficient number of accessible guestroom accommodations usable by

9   disabled persons to accommodate plaintiff's physical disabilities and requirements

10  for use of a wheelchair; failed to provide proper accessible and van accessible

11  parking; and failed to comply with existing federal and California laws protecting

12  disabled persons against architectural barriers and facilities discrimination, plaintiff

13  was denied her rights under federal and California law.  On information and belief,

14  any guestrooms that defendants have represented to be "handicapped accessible"

15  are not properly accessible for use by physically disabled persons, according to

16  federal and state accessibility standards, and failed to include properly accessible

17  restroom facilities.  Further, if defendants provided any accessible guestrooms,

18  they did not adopt a policy to reserve such room(s) until all other guestrooms had

19  first been rented out, to facilitate its rental to a physically disabled person who

20  required use of an accessible guestroom.  Because defendants failed to provide

21  properly accessible facilities in violation of both federal and California legal

22  requirements, plaintiff suffered violation of her Civil Rights to full and equal

23  access, was embarrassed and humiliated, suffered physical and personal injury,

24  and suffered statutory and general damages.  Plaintiff seeks injunctive relief

25  requiring provision of access under the Americans With Disabilities Act of 1990,

26  §308(a), and injunctive relief and damages under California law.

27        2.      Each of the defendants has by their actions and failure to take action

28  owned and maintained and/or operated and/or leased a public facility in a manner

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -2-      S:\SLR\TRAVELODGE-ADAMS\PLEADINGS\TRAVELODGE.CMP.wpd

which violated the Civil Rights of persons with physical disabilities:  At all times herein mentioned, defendants failed to provide "full and equal access" as required by law.  Defendants maintained and continue to maintain Motel facilities which illegally deny full and equal access to plaintiff and other physically disabled persons who use wheelchairs by failing to have a sufficient number of properly configured accessible guestrooms and other Motel facilities, and accessible and van-accessible parking, including accessible path of travel, although such facilities are available to and usable by non-disabled persons. The acts and omissions of all defendants, and each of them, combined to cause the damages plaintiff asserted herein.

3.     Plaintiff CHRISTINA ADAMS is a "qualified" "physically handicapped" or "physically disabled" person, who suffers from advanced multiple sclerosis, and who requires the use of a motorized wheelchair for mobility. Plaintiff wishes to return to stay as a guest at the Travelodge Motel, but cannot do so until the facility is made disabled accessible and barriers to disabled access are removed in the manner described herein.

4.     Defendants were required by law to provide accessible guestrooms and other Motel facilities and amenities on each occasion that "construction" and/or "alterations, structural repairs or additions" were performed to such facilities pursuant to legal standards then in effect, per California Health & Safety Code §§ 19955-19959.  Further, defendants fail to provide properly configured and located disabled accessible and van-accessible parking spaces at the subject Motel, and fail to provide an accessible route between the office, the parking and any "accessible" guestrooms that may exist.  Existing curb ramps were and are excessively and illegally steep. All such accessible facilities were also required under the "readily achievable" standards of § 301(9) and § 302 of Title III of the Americans With Disabilities Act of 1990 (hereinafter sometimes "ADA"), as alleged in the Third Cause of Action, hereinbelow.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -3-      S:\SLR\TRAVELODGE-ADAMS\PLEADINGS\TRAVELODGE.CMP.wpd

5.     Plaintiff seeks damages for the continuing violation of her Civil Rights; plaintiff also requests that this Court grant injunctive relief, requiring the defendants to comply with both California and United States laws requiring access for the physically disabled so long as defendants continue to operate this Motel and related amenities as public facilities.

**JURISDICTION AND VENUE**

6.     This Court has jurisdiction of this action pursuant to 28 U.S.C. 1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et seq.  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including but not limited to violations of California Health & Safety Code §§ 19955 et seq., including §19959; Title 24 California Code of Regulations; and California Civil Code §§ 54 and 54.1, et seq.

7.     Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that plaintiff's causes of action arose in this district.

8.     The case should be assigned to the Oakland/San Francisco intradistrict as the real property which is the subject of this action is located in the Oakland/San Francisco intradistrict and plaintiff's causes of action arose in the Oakland/San Francisco intradistrict.

**PARTIES**

9.     Plaintiff CHRISTINA ADAMS is a qualified "physically handicapped" or "physically disabled" person who suffers from advanced multiple sclerosis, and requires the use of a motorized wheelchair for mobility; she travels in a specially equipped van with disabled license plates, and is qualified to use disabled accessible and van-accessible parking spaces, and is entitled to request

LAW OFFICES OF
**PAUL L. REIN**
**200 LAKESIDE DR., SUITE A**
**OAKLAND, CA 94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      – 4 –      S:\SLR\TRAVELODGE-ADAMS\PLEADINGS\TRAVELODGE.CMP.wpd

1   and be given use of legally required disabled accessible guestrooms, and to have

2   such room reserved for her use pursuant to reasonably formulated policies by

3   which such rooms will not be rented out to able-bodied persons so long as non-

4   accessible rooms of similar price and type are available.

5   10.   Plaintiff is informed and believes that the San Francisco Travelodge is

6   owned, operated, and leased by (or to) the SAN FRANCISCO CENTRAL

7   TRAVELODGE; WW LODGING INC.; WW LODGING LIMITED LLC; RTRN

8   INVESTMENT, LLC; and DOES 1-25, Inclusive, and that each of these

9   defendants is the agent, ostensible agent, alter ego, master, servant, employer,

10   employee, representative, franchiser, franchisee, joint venturer, partner, associate,

11   parent company, subsidiary, department, representative, agency, agent, or such

12   similar capacity, of each of the other defendants, and was at all times acting and

13   performing, or failing to act or perform, within the course and scope of his, her or

14   its authority as agent, ostensible agent, alter ego, master, servant, employer,

15   employee, representative, franchiser, franchisee, joint venturer, partner, associate,

16   parent company, subsidiary, department, representative, agency, or such similar

17   capacity, and with the authorization, consent, permission or ratification of each of

18   the other defendants, and is responsible in some manner for the acts and omissions

19   of the other defendants in proximately causing the violations and damages

20   complained of herein, and have approved or ratified each of the acts or omissions

21   of each other defendant, as herein described.

22   11.   At all relevant times, defendants SAN FRANCISCO CENTRAL

23   TRAVELODGE; WW LODGING INC.; WW LODGING LIMITED LLC; RTRN

24   INVESTMENT, LLC; and DOES 1-25, Inclusive,  were and are the owners,

25   operators, lessors and/or lessees of subject Motel, located at 1707 Market St. in

26   San Francisco, California, and its facilities (hereinafter sometimes referred to as

27   the "Motel," or the "Building").  This is a large motel, on information and belief

28   containing more than 100 guestrooms for rent.  The Motel's parking facilities,

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -5-        S:\SLR\TRAVELODGE-ADAMS\PLEADINGS\TRAVELODGE.CMP.wpd

1   entrances, interior and exterior paths of travel, public restrooms (if any), service

2   counters, guestrooms, and other facilities are each a "public accommodation or

3   facility" subject to the requirements of California Health & Safety Code §19955 et

4   seq. and of the California Civil Code, §§ 54, 54.1, and 54.3. At all times relevant

5   to this complaint, defendants have held these facilities open to public use. The

6   subject Motel is a "business establishment," subject to the requirements of

7   California Civil Code §§ 51 and 52. Such building or buildings are also "public

8   accommodations" or "commercial facilities" subject to the requirements of §§ 301,

9   302 and 303 of the Americans with Disabilities Act of 1990.

10

11  **FACTUAL STATEMENT**

12      12.    On or about the end of March, 2004, plaintiff and her husband, Don

13  Adams, were planning a San Francisco "getaway" weekend. Plaintiff called the

14  Travelodge in San Francisco - a motel where she and her husband had previously

15  stayed - and was told that the Motel did not have any fully accessible rooms

16  available. However, plaintiff was assured that all the doorways in the guestroom

17  which they were reserving for her were wide enough for her wheelchair. Plaintiff

18  booked a ground floor guestroom with the expectation that she and her husband

19  could use it, even though it would not be fully accessible.

20      13.    Plaintiff CHRISTINA ADAMS and her husband arrived at the

21  Travelodge on or about April 17, 2004 in the late afternoon in their disabled

22  equipped and disabled licensed van. Although the Motel had a designated "van-

23  accessible" parking space, this space did not have an unloading aisle for

24  wheelchair users to lower their lifts to exit the van; however, plaintiff managed to

25  exit her van. The path of travel from this parking space to the Motel lobby

26  required plaintiff to travel behind parked cars and to use a steep entrance ramp up

27  to Motel lobby. Plaintiff's husband had to register for them because plaintiff could

28  not even see the clerk over the raised counter. When plaintiff and her husband

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -6-      S:\SLR\TRAVELODGE-ADAMS\PLEADINGS\TRAVELODGE.CMP.wpd

went to their reserved guestroom, plaintiff found that their guestroom  room had a four inch entrance step.  Plaintiff's husband struggled, but was finally able to push plaintiff's wheelchair into the room without knocking plaintiff out of her wheelchair. However, plaintiff was not able to tolerate the condition of the room, which was dirty and smoke-filled room, as well as inaccessible, and she requested a different room.  Plaintiff's husband had to again assist plaintiff past the entrance step, jostling plaintiff and making her fear she might be tipped out of her wheelchair.

14.     Plaintiff and her husband were given a new room on the third floor and plaintiff was told that this room was "usable" for a person in a wheelchair. When they reached the third floor by the elevator (which, on information and belief, did not have properly positioned or configured elevator controls for disabled use), plaintiff found that the room was located immediately adjacent to a stairwell, and there was insufficient landing in front of the entrance door for plaintiff to independently maneuver her motorized wheelchair and enter the room.  Instead, she had to have her husband lift her and wedge her in sideways in order to enter the room without falling down the adjacent steps, much to plaintiff's fright and emotional distress.  Plaintiff also had to be lifted over a two inch threshold at the doorway to enter the room.

15.     When plaintiff was finally able to enter the room she found that it was not usable by a person in a wheelchair in that she could not maneuver around the room as there were no accessible paths of travel.  Specifically, not only was plaintiff blocked from moving toward the restroom, but also she could not enter the restroom because of its configuration.  As a result, for the next two days she was reduced to using a "cup" for her bodily functions, and only with the assistance of her husband, and much to her embarrassment.

16.     After a night spent in the room in some discomfort due to its lack of access in multiple respects, as plaintiff was preparing to leave she inadvertently

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -7-      S:\SLR\TRAVELODGE-ADAMS\PLEADINGS\TRAVELODGE.CMP.wpd

1    caused her motorized wheelchair to spin around in the doorway with one wheel

2    going over the doorway's raised threshold, causing her to get trapped half in and

3    half out the doorway, near where she might fall down the adjacent stairwell.

4    Plaintiff began screaming for help and was eventually rescued by her husband, who

5    had not been with her, but who came outside in response to her screams after she

6    had been humiliated by attracting the attention of several other guests.  Plaintiff

7    was frightened and suffered emotional distress at what seemed to be a near

8    accident.

9          17.    Despite the denials of access and her humiliating experiences,

10    plaintiff intends to return to the Travelodge in the future, but does not want to do

11    so until the Travelodge provides an appropriate number of properly accessible

12    rooms and other legally required access features, as hereinbelow described.  On

13    information and belief, the Travelodge was required by law to have at least three of

14    its guestrooms fully accessible for physically disabled wheelchair users, but has at

15    best one such room, so that when this room is unavailable (whether rented to a

16    disabled person or to a non-disabled person), there are no other accessible rooms

17    for use by physically disabled persons, contrary to law.

18          18.    The "removal" of each of the described barriers to use by disabled

19    persons, and of other barriers which, on information and belief, also currently exist

20    on the premises, was "readily achievable" under the standards of §301(9) of the

21    Americans With Disabilities Act of 1990 [42 U.S.C. §12181] at all times herein

22    relevant.  The removal of all such barriers was also required by §303 of the ADA

23    [42 U.S.C. §12183] and by California law.

24          19.    On information and belief, defendants continue to the present date to

25    deny "full and equal access" to plaintiff and to all other disabled persons, in

26    violation of California law, including Health & Safety Code §19955 et seq., Civil

27    Code §§ 54 and 54.1, and Title 24 of the California Code of Regulations (a.k.a.

28    California Building Code).  Further, each such denial of access to disabled persons

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -8-    S:\SLR\TRAVELODGE-ADAMS\PLEADINGS\TRAVELODGE.CMP.wpd

1 also violates the requirements of Title III of the federal Americans With

2 Disabilities Act of 1990, §301, et seq. [42 U.S.C. §12181, et seq.].

3      20.   On information and belief, this facility has, since July 1, 1970,

4 undergone "alterations, structural repairs, and additions," each of which has

5 subjected the Motel and its public facilities to disabled access requirements per

6 §19959 Health & Safety Code, and since July 1, 1982, per provisions of Title 24

7 of the California Code of Regulations.

8      21.   On information and belief, defendants' failure to provide access upon

9 making "alterations, structural repairs, or additions" to the Motel and its facilities,

10 is part of defendants' common pattern and practice concerning disabled access.

11 Plaintiff reserves the right to request that this court expand this case into a class

12 action consisting of all disabled visitors of the Motel, pursuant to §308(a) of the

13 Americans With Disabilities Act of 1990, and Federal Rule of Civil Procedure 23,

14 as appropriate in light of the purposes and objectives of these laws and of this

15 lawsuit.

16      22.   At all times herein mentioned, defendants knew, or in the exercise of

17 reasonable diligence should have known, that their barriers and practices at the

18 Motel violated disabled access requirements and standards and had a

19 discriminatory effect upon plaintiff and upon other physically disabled persons, but

20 defendants have refused to rectify the violations, and presently continue a course

21 of conduct that discriminates against plaintiff and similarly situated persons.

22      23.   On information and belief, defendants have violated State and Federal

23 disabled access requirements in other respects at the subject Motel facilities,

24 including the requirements of the Americans With Disabilities Act of 1990,

25 according to proof.

26      24.   On information and belief, the subject Motel and its facilities deny full

27 and equal access to disabled persons in other respects due to non-compliance with

28 the requirements of the law from the American Standards Association (as

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -9-    S:\SLR\TRAVELODGE-ADAMS\PLEADINGS\TRAVELODGE.CMP.wpd

incorporated by Health and Safety Code § 19955); of Title 24 of the California

Code of Regulations; of Health & Safety Code §§ 19955, et seq.; and of Civil

Code §§ 54 and 54.1, et seq., according to proof.

**FIRST CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND**
**EQUAL ACCESS TO A PUBLIC ACCOMMODATION ON THE BASIS**
**OF DISABILITY**
**(HEALTH & SAFETY CODE §§ 19955-59; CIVIL CODE §§ 54, 54.1, 54.3**
**& 55, INCLUDING DISABLED PERSONS ACT)**

25.    Plaintiff repleads and incorporates by reference, as if fully set forth

again herein, the allegations contained in Paragraphs 1 through 24 above.

26.    Plaintiff CHRISTINA ADAMS was and is at all times relative to this

complaint a "physically disabled" person or "physically handicapped" person

under standards as defined by all California statutes using these terms.  Plaintiff is

also a "individual with a disability" as defined by California Civil Code § 54(b), as

well as §3(2) of the Americans With Disabilities Act of 1990, a violation of which

Act is incorporated by reference as a separate violation of California Civil Code §§

54(c) and 54.1(d) .  Hereinafter, the words "person with a disability," "physically

disabled" and "physically handicapped" are used interchangeably, as these words

have similar or identical common usage and legal meaning, but the legislative

scheme in Part 5.5 of the Health and Safety Code uses the term "physically

handicapped persons" and the Unruh Civil Rights Act, §§54, 54.1, 54.3 and 55,

and other statutory measures refer to protection of the rights of "physically

disabled persons" or "persons with disabilities."

27.    Health & Safety Code §19955 provides in pertinent part:

     (a) The purpose of this part is to insure that public
accommodations or facilities constructed in this state with private
funds adhere to the provisions of Chapter 7 (commencing with section
4450) of Division 5 of Title 1 of the Government Code.  For the
purposes of this part "public accommodation or facilities" means a
building, structure, facility, complex, or improved area which is used
by the general public and shall include auditoriums, hospitals,
theaters, restaurants, <u>hotels, motels</u>, stadiums, and conventions

LAW OFFICES OF
**PAUL L. REIN**
**200 LAKESIDE DR., SUITE A**
**OAKLAND, CA 94612-3503**
**(510) 832-5001**
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -10-     S:\SLR\TRAVELODGE-ADAMS\PLEADINGS\TRAVELODGE.CMP.wpd

1  centers. (Emphasis added)

2    28. Health & Safety Code §§ 19955 and 19955.5 were enacted "To

3  ensure that public accommodations or facilities constructed in this state with

4  private funds adhere to the provisions of Chapter 7 (commencing with section

5  4450) of Division 5 of Title 1 of the Government Code."  On information and

6  belief the provisions of both Health and Safety Code §§ 19955 and 19955.5, apply

7  to this motel located at 1707 Market St., San Francisco, California.  Such statutes

8  also require that "When sanitary facilities are made available for the public, clients,

9  or employees ..., they shall be made available for persons with disabilities."  Title

10  24, California Code of Regulations, formerly known as the California

11  Administrative Code, was in effect at the time of each alteration which, on

12  information and belief, occurred at such public facility since July 1, 1982, thus

13  requiring access complying with the specifications of Title 24 whenever each such

14  "alteration, structural repair or addition" was carried out.  On information and

15  belief, defendants and/or their predecessors in interest carried out alterations,

16  structural repairs, or additions to the building during the period Title 24 has been in

17  effect.  On information and belief, alterations, structural repairs, or additions which

18  triggered access requirements also occurred between July 1, 1970 and July 1,

19  1982, and required access pursuant to the A.S.A. (American Standards

20  Association) Regulations then in effect, pursuant to the incorporated provisions of

21  §4450*ff* Government Code.

22    29. Plaintiff CHRISTINA ADAMS is informed and believes and

23  therefore alleges that defendants, and their predecessors in interest as owners,

24  operators and/or lessors and/or lessees of the subject Motel (for which the

25  defendants as current owners, operators and/or lessors and lessees of the building

26  are responsible), and each of them caused the subject properties to be constructed,

27  altered, operated, and maintained in such a manner that physically disabled persons

28  were denied full and equal access to, within and throughout said facilities, and full

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES -11- S:\SLR\TRAVELODGE-ADAMS\PLEADINGS\TRAVELODGE.CMP.wpd

and equal use of said building.  Further, on information and belief, defendants and each of them have continued to maintain and operate such Motel facilities in such condition up to the present time, despite actual and constructive notice to such defendants, and each of them, that the configuration of the buildings was in violation of the Civil Rights of disabled persons, such as plaintiff CHRISTINA ADAMS.  Such construction, modification, ownership, operation, maintenance and practices of such a public facility is in violation of law as stated in Part 5.5, Sections Health and Safety Code 19955*ff*, Civil Code §§ 54 and 54.1, et seq., and elsewhere in the laws of California.

30.    At all times relevant to this action, California Civil Code §§ 54 and 54.1 has provided that physically disabled persons are not to be discriminated against because of physical handicap or disability.  Civil Code § 54 provides:

> Individuals with disabilities shall have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places.

Civil Code § 54.1 provides that:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities,... and privileges of all common carriers, airplanes, motor vehicles,...or any other public conveyances or modes of transportation, ...  hotels, lodging places, places of public accommodation and amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or federal regulations, and applicable alike to all other persons.

31.    California Civil Code §54.3 provides that any person or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Civil Code §§ 54 and 54.1 is liable for each such offense for the actual damages and any amount up to a maximum of three times the amount of actual damages but in no case less than $1,000 and such attorney fees that may be determined by the Court in addition thereto, suffered by any person denied any of the rights provided in §§ 54 and 54.1, for services necessary to enforce those

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -12-     S:\SLR\TRAVELODGE-ADAMS\PLEADINGS\TRAVELODGE.CMP.wpd

1  rights.

2      32.    As a result of the refusal by defendants and each of them to comply

3  with statutory requirements or otherwise provide reasonable access for disabled

4  persons to the subject public facilities, plaintiff CHRISTINA ADAMS, and other

5  similarly situated persons, were denied and continue to be denied their rights to full

6  and equal access to, and use of, public facilities, and were and continue to be

7  discriminated against on the sole basis that they are physically disabled and unable

8  to make full and equal use of the facilities.

9      33.    Plaintiff is a person within the meaning of Civil Code §§ 54 and 54.1

10  whose rights have been infringed upon and violated by the defendants.  Plaintiff

11  has been denied full and equal access since the date of her visit of April 17, 2004.

12  On information and belief, defendants have failed to act to provide full and equal

13  public access to its subject Motel facilities, and continue to operate in violation of

14  the law and continue to discriminate against physically disabled persons by failing

15  to allow proper access to and within their buildings and facilities.  At all times

16  since plaintiff's visit to the Motel of April 17, 2004, and on information and belief

17  for periods prior to this date, defendants were on notice of the requirements of the

18  law relating to provision of full and equal disabled access.  Especially as

19  defendants were on full notice, each day that defendants have continued to deny

20  access to disabled persons constitutes a new and distinct violation of plaintiff's

21  right to full and equal access to this public facility, in violation of Civil Code §§ 54

22  and 54.1, et seq.

23      34.    Further, any violation of the Americans With Disabilities Act of 1990

24  (as pled in the Third Cause of Action hereinbelow, the contents of which are

25  repled and incorporated herein, as if separately repled), also constitutes a violation

26  of California Civil Code § 54(c) and § 54.1(d), thus independently justifying an

27  award of damages and injunctive relief pursuant to California law on this basis,

28  including but not limited to Civil Code §§ 54.3 and 55.

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -13-    S:\SLR\TRAVELODGE-ADAMS\PLEADINGS\TRAVELODGE.CMP.wpd

35.   **INJUNCTIVE RELIEF:**       The acts and omissions of defendants as complained of continue on a day-to-day basis to have the effect of allowing defendants to wrongfully exclude plaintiff, and other similarly situated members of the public who are physically disabled, from full and equal access to the Motel. Such acts and omissions are the continuing cause of humiliation and mental and emotional suffering to plaintiff and other similarly situated persons in that these actions treat them as inferior and second class citizens and serve to discriminate against them, so long as defendants do not provide properly accessible, safe and equal use of such facilities.  Said acts have proximately caused and will continue to cause irreparable injury to plaintiff if not enjoined by this court.

36.   Plaintiff seeks injunctive relief, pursuant to Health and Safety Code § 19953 and Civil Code § 55, prohibiting those of the defendants that currently own, operate, and/or lease the subject Motel, from maintaining architectural barriers to the use by disabled persons of public accommodations and facilities, in violation of Part 5.5, Health and Safety Code §§ 19955*ff.*  Plaintiff seeks to require such defendants to create facilities which are accessible to and usable by physically disabled persons.

37.   **DAMAGES:**       Plaintiff has been damaged by defendants' wrongful conduct and seeks the relief that is afforded by Civil Code §§ 54.1, 54.3 and 55.  Plaintiff seeks actual damages, and statutory and treble damages against defendants for all periods of time mentioned herein.

38.   **ATTORNEY FEES:**       As a result of defendants' acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and that of other similarly situated persons, and to enforce provisions of the law protecting access for the disabled and prohibiting discrimination against the disabled, and to take such action both in her own interest and in order to enforce an important right affecting the public interest. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation

LAW OFFICES OF
**PAUL L. REIN**
**200 LAKESIDE DR., SUITE A**
**OAKLAND, CA 94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -14-      S:\SLR\TRAVELODGE-ADAMS\PLEADINGS\TRAVELODGE.CMP.wpd

1   expenses and costs incurred, pursuant to the provisions of California Code of Civil

2   Procedure § 1021.5. Plaintiff additionally seeks attorney fees and costs pursuant

3   to Health and Safety Code § 19953.

4        39.    WHEREFORE, plaintiff asks this Court to enjoin any continuing

5   refusal by the defendants that currently own, operate, and or lease (from or to) the

6   subject Motel, to grant such access to plaintiff and other similarly situated disabled

7   persons, or alternatively to enjoin operation of the subject Motel as a public

8   accommodation, until such defendants comply with all applicable statutory

9   requirements relating to access to physically disabled persons, and that the Court

10  award to plaintiff statutory attorney fees, litigation expenses and costs pursuant to

11  Civil Code §§ 54.3 and 55, Code of Civil Procedure § 1021.5, and Health &

12  Safety Code § 19953, and as further prayed for herein.

13       WHEREFORE, plaintiff prays for damages and injunctive relief as

14  hereinafter stated.

15

16  **SECOND CAUSE OF ACTION:**
**VIOLATION OF UNRUH CIVIL RIGHTS ACT**

17  **CALIFORNIA CIVIL CODE SECTIONS 51 AND 52,**
**ON THE BASIS OF DISABILITY**

18

19       40.    Plaintiff repleads and incorporates by reference, as if fully set forth

20  again herein, the factual allegations contained in Paragraphs 1 through 39, above,

21  and incorporates them herein by reference as if separately repled hereafter.

22       41.    At all times herein mentioned, the Unruh Civil Rights Act, California

23  Civil Code § 51(b), provided that:

24      All persons within the jurisdiction of this state are free and equal, and
no matter what their sex, race, color, religion, ancestry, national

25  origin, disability, or medical condition are entitled to the full and
equal accommodations, advantages, facilities, privileges, or services

26  in all business establishments of every kind whatsoever.

27  Per § 51(f),

28      A violation of the right of any individual under the Americans With

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -15-   S:\SLR\TRAVELODGE-ADAMS\PLEADINGS\TRAVELODGE.CMP.wpd

Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

42.     Plaintiff suffered damages as above described as a result of defendants' violation of California Civil Code §§ 51(b) and 51(f) in multiple regards, including but not limited to violations of the ADA, as described in the Third Cause of Action, *infra*, the contents of which cause of action is incorporated herein as if separately repled.  California Civil Code § 52(a) provides that each such violation entitles plaintiff to "the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto..."

WHEREFORE, plaintiff prays for damages and injunctive relief as hereinafter stated.

### THIRD CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 USC § 12101ff

43.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 42 above.

44.     Pursuant to law, in 1990 the United States Congress made findings per 42 U.S.C. §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43,000,000 Americans" with "one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -16-     S:\SLR\TRAVELODGE-ADAMS\PLEADINGS\TRAVELODGE.CMP.wpd

1  "the continuing existence of unfair and unnecessary discrimination and prejudice

2  denies people with disabilities the opportunity to compete on an equal basis and to

3  pursue those opportunities for which our free society is justifiably famous..."

4      45.    Congress stated as its purpose in passing the Americans with

5  Disabilities Act (42 USC §12101(b)):

6      It is the purpose of this Act –

7          (1) to provide a clear and comprehensive national mandate for
the elimination of discrimination against individuals with disabilities;

8

9          (2) to provide clear, strong, consistent, enforceable standards
addressing discrimination against individuals with disabilities;

10          (3) to ensure that the Federal Government plays a central role
in enforcing the standards established in this Act on behalf of

11  individuals with disabilities; and

12          (4) to invoke the sweep of congressional authority, including
the power to enforce the fourteenth amendment and to regulate

13  commerce, in order to address the major areas of discrimination faced
day-to-day by people with disabilities.

14

15      46.    As part of the Americans with Disabilities Act, Public Law 101-336,

16  Congress passed "Title III - Public Accommodations and Services Operated by

17  Private Entities" (42 USC 12181ff).  Among "private entities" which are

18  considered "public accommodations" for purposes of this title were "an inn, hotel,

19  motel, or other place of lodging." (§301(7)(A) [42 U.S.C. §12181].)

20      47.    Pursuant to §302 [42 USC §12182], "[n]o individual shall be

21  discriminated against on the basis of disability in the full and equal enjoyment of

22  the goods, services, facilities, privileges, advantages, or accommodations of any

23  place of public accommodation by any person who owns, leases, or leases to, or

24  operates a place of public accommodation."

25      48.    Among the general prohibitions of discrimination

26  were included, in §302(b)(1)(A):

27      §302(b)(1)(A)(i): "DENIAL OF PARTICIPATION. -- It shall be

28  discriminatory to subject an individual or class of individuals on the basis of a

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -17-     S:\SLR\TRAVELODGE-ADAMS\PLEADINGS\TRAVELODGE.CMP.wpd

disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity."

§302(b)(1)(A)(ii): "PARTICIPATION IN UNEQUAL BENEFIT -- It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or  accommodation that is not equal to that afforded to other individuals."

§302(b)(1)(A)(iii): "SEPARATE BENEFIT. -- It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others."

49.    Among the specific prohibitions against discrimination were included:

§302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§302(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -18-     S:\SLR\TRAVELODGE-ADAMS\PLEADINGS\TRAVELODGE.CMP.wpd

advantage, or accommodation being offered or would result in an undue burden;"

§302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."  The acts and omissions of defendants set forth herein were in violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

50.    The removal of each of the barriers complained of by plaintiff CHRISTINA ADAMS as hereinabove alleged were - at all times on or after January 26, 1992 - "readily achievable" under the standards of the Americans With Disabilities Act of 1990.  Further, on information and belief, alterations, structural repairs or additions since January 26, 1992 have also independently triggered requirements for removal of barriers to access for disabled persons per § 303 of the ADA, as well as per California Health and Safety Code § 19959.

51.    Further, if defendants are able to "demonstrate" that it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable, as required by § 302 of the ADA [42 U.S.C. §12182].

52.    Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, § 308, plaintiff is entitled to the remedies and procedures set forth in § 204, subsection (a), of the Civil Rights Act of 1964 (42 USC 2000a-3, at subsection (a)), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that she is about to be

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -19-    S:\SLR\TRAVELODGE-ADAMS\PLEADINGS\TRAVELODGE.CMP.wpd

1  subjected to discrimination in violation of §§ 302 and 303.  On information and

2  belief, defendants have continued to violate the law and deny the rights of plaintiff

3  and of other disabled persons to access these public accommodations since

4  plaintiff CHRISTINA ADAMS's visit of April 17, 2004.  Pursuant to § 308(a)(2),

5  "[i]n cases of violations of § 302(b)(2)(A)(iv)... injunctive relief shall include an

6  order to alter facilities to make such facilities readily accessible to and usable by

7  individuals with disabilities to the extent required by this title."

8        53.    As a result of defendants' acts and omissions in this regard, plaintiff

9  has been required to incur legal expenses and attorney fees, as provided by statute,

10  in order to enforce plaintiff's rights and to enforce provisions of the law protecting

11  access for disabled persons and prohibiting discrimination against disabled

12  persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees,

13  litigation expenses (including expert consultant and expert witness fees) and costs,

14  pursuant to the provisions of section 505 of the ADA (42 U.S.C. 12205) and the

15  Department of Justice's regulations for enforcement of Title III of the ADA (28

16  CFR 36.505).  Additionally, plaintiff's lawsuit is intended not only to obtain

17  compensation for damages to plaintiff, but also to require the defendants to make

18  their facilities accessible to all disabled members of the public, justifying "public

19  interest" attorney fees pursuant to the provisions of California Code of Civil

20  Procedure § 1021.5.

21        WHEREFORE, plaintiff prays that this Court grant relief as

22  hereinafter stated:

23

24                        **PRAYER**

25        WHEREFORE, plaintiff prays for an award and relief as follows:

26        1.     That those of the defendants that currently own, operate, and or lease

27  the subject Motel be preliminarily and permanently enjoined from operating and

28  maintaining the public facilities of this Motel as public accommodations, so long as

LAW OFFICES OF
**PAUL L. REIN**
**200 LAKESIDE DR., SUITE A**
**OAKLAND, CA 94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -20-    S:\SLR\TRAVELODGE-ADAMS\PLEADINGS\TRAVELODGE.CMP.wpd

disabled persons are not provided full and equal access to the accommodations and facilities, in violation of provisions of §§ 54, 54.1, and 55 et seq., of the Civil Code, §§ 19955 et seq. Health & Safety Code, § 4450, et seq. Government Code, the American Standard Specifications (A117.1-1961), or such other standards, including those of the State Architect's Regulations for Handicapped Access, as found in Title 24 of the California Code of Regulations or other regulations as are currently required by law; and that defendants be ordered to come into compliance with the Americans with Disabilities Act of 1990, including an order that those of the defendants that currently own, operate, and/or lease the subject Motel, *inter alia,* "alter the subject facilities to make such facilities readily accessible to and usable by individuals with disabilities," and institute reasonable modifications in policies and practices, per §308 of Public Law 101-336 (the ADA);

2.     That plaintiff be awarded general, compensatory, and statutory damages, and all damages as afforded by Civil Code §§ 52 and 54.3, including treble damages, for each violation, as determined by the Court, for which defendants have denied to plaintiff equal access for the disabled, according to proof.

3.     That plaintiff be awarded attorney fees, litigation expenses and costs pursuant to California Civil Code §§ 52, 54.3 and 55, Health & Safety Code § 19953, Code of Civil Procedure § 1021.5, and §505 of the ADA;

4.     For all costs of suit;

5.     Prejudgment interest pursuant to Civil Code § 3291;

6.     Such other and further relief as the Court may deem just and proper.

//
//
//
//

LAW OFFICES OF
**PAUL L. REIN**
**200 LAKESIDE DR., SUITE A**
**OAKLAND, CA 94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -21-     S:\SLR\TRAVELODGE-ADAMS\PLEADINGS\TRAVELODGE.CMP.wpd

1   Dated: June ___, 2005                          PAUL L. REIN
                                                    PATRICIA BARBOSA
2                                                   JULIE MCLEAN
                                                    LAW OFFICES OF PAUL L.  REIN
3

4

5                                                   _____
                                                    Attorneys for Plaintiff
6                                                   CHRISTINA ADAMS

7

8                        **DEMAND FOR JURY TRIAL**

9           Plaintiff hereby demands a jury for all claims for which a jury is permitted.

10

11  Dated: June ___, 2005                          PAUL L. REIN
                                                    PATRICIA BARBOSA
12                                                  JULIE MCLEAN
                                                    LAW OFFICES OF PAUL L.  REIN
13

14

15                                                  _____
                                                    Attorneys for Plaintiff
16                                                  CHRISTINA ADAMS

17

18      **CERTIFICATION OF INTERESTED ENTITIES OR PARTIES**

19          Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this

20  date, other than the named parties, there is no such interest to report.

21

22  Dated: June ___, 2005                          PAUL L. REIN
                                                    PATRICIA BARBOSA
23                                                  JULIE MCLEAN
                                                    LAW OFFICES OF PAUL L.  REIN
24

25

26                                                  _____
                                                    Attorneys for Plaintiff
27                                                  CHRISTINA ADAMS

28

LAW OFFICES OF
**PAUL L. REIN**
**200 LAKESIDE DR., SUITE A**
**OAKLAND, CA 94612-3503**
**(510)832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -22-        S:\SLR\TRAVELODGE-ADAMS\PLEADINGS\TRAVELODGE.CMP.wpd