PAUL L. REIN, Esq. (SBN 43053)
PATRICIA BARBOSA, Esq. (SBN 125865)
JULIE MCLEAN, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
(510) 832-5001

Attorney for Plaintiff:
CHRISTINA ADAMS


STEVEN H. BOVARNICK, Esq. (SBN 99361)
HUNTER & BOVARNICK
345 Grove St.
San Francisco, CA 94102
(415) 621-8700
fax (415) 621-0581
sbovarnick@earthlink.net

Attorney for Defendant:
RTRN INVESTMENT, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA ADAMS,<br><br>　　　Plaintiff,<br><br>v.<br><br>SAN FRANCISCO CENTRAL TRAVELODGE; RTRN INVESTMENT, LLC; and DOES 1-25, et al.,<br><br>　　　Defendants.<br>_____/ | CASE NO. C05-2591 JCS<br><u>Civil Rights</u><br><br>**CONSENT DECREE AND ORDER** |

## **CONSENT DECREE AND ORDER**

1. Plaintiff CHRISTINA ADAMS filed this action on June 24, 2005, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants, SAN FRANCISCO CENTRAL TRAVELODGE, RTRN INVESTMENT, LLC; and DOES 1 through 25, Inclusive ("the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order: Case
No. C05-2591 JCS
— 1 —

1. Complaint"). Plaintiff has alleged that Defendants SAN FRANCISCO CENTRAL TRAVELODGE and RTRN INVESTMENT, LLC violated Title III of the ADA and sections 51, 52, 54.1, and 55 of the California Civil Code, and sections 19955 *et seq.*, of the California Health and Safety Code by failing to provide full and equal access to their facilities at the San Francisco Central Travelodge Motel when plaintiff visited the subject facility on April 17-18, 2004.

2. Defendants SAN FRANCISCO CENTRAL TRAVELODGE and RTRN INVESTMENT, LLC ("Defendants") deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability as to any of the allegations in the Complaint. The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

3. The parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq.* and pursuant to pendant jurisdiction for violations of California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Code of Regulations; and California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.

**JURISDICTION:**

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree and Order agree to entry of this Order to resolve all claims regarding injunctive relief raised in the Complaint filed with this Court on June 24, 2005. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning plaintiff's claims for injunctive relief.

WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Order, which provides as follows:

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order: Case No. C05-2591 JCS**

— 2 —

**SETTLEMENT OF INJUNCTIVE RELIEF**:

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order shall not be construed as such.

6. The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent and Order:

    a) <u>Remedial Measures</u>: The injunctive relief agreed upon by the Parties is attached as **Attachment A** to this Consent Decree, which is incorporated herein by reference as if fully set forth in this document. Defendants agree to undertake all remedial work set forth in **Attachment A**. As to those items with one or more indicated alternative solutions, defendants may comply by carrying out the alternative of their choice.

    b) <u>Timing of Injunctive Relief</u>: For any injunctive relief not requiring permits, such injunctive relief will be completed within 30 days of execution of this consent decree. Defendants will submit plans for all corrective work within 60 days of execution of this consent decree and order. As to two of the accessible guestrooms plus all of the other (non-guestroom) work requiring permits, work will commence within 30 days of receiving approval from the building department, and defendants will complete work within 60 days of commencement. Work on the remaining two guestrooms will be commenced no later than November 1, 2006, and will be completed by December 31, 2006. In the event that unforeseen difficulties prevent defendants from completing any of the agreed-upon injunctive relief, defendants or their counsel will notify plaintiff's counsel in writing within 30 days of discovering the delay. The parties will engage in a good-faith meet and confer regarding any delays prior to seeking court resolution of the unresolved issue. Defendants or their counsel will notify plaintiff's counsel when the corrective work is completed, and in any case will provide a status report no later than

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order: Case No. C05-2591 JCS** — 3 —

120 days from the entry of this consent decree. Upon notification of completion, Plaintiff and her counsel will have an opportunity to inspect the work, and if they have not done so within 30 days of notice, will have deemed to have waived their right to inspect the work. Defendants will make the premises reasonably available to plaintiff for such inspection.

**DAMAGES:**

7. The parties have reached an agreement regarding plaintiff's claims for damages, which is the subject of a separate written agreement. The parties agree that any dispute regarding the damages agreement will be submitted to Judge Spero, and the Court agrees to retain jurisdiction to enforce the damages agreement.

**ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS**

8. The parties have not reached an agreement regarding plaintiff's claims for fees, attorney fees, litigation expenses and costs. These issues shall be the subject of further negotiation, litigation, or motions to the Court. Plaintiff agrees not to bring an attorney fee motion within 30 days of execution of this consent decree in order to give the parties time to attempt to resolve these issues.

**ENTIRE CONSENT DECREE AND ORDER:**

9. This Consent Decree and Order and Attachment A to this Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitutes the entire agreement between the parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree or Attachment A to the Consent Decree of damages per the magister, shall be enforceable regarding the matters of injunctive relief described herein. This or a magister Consent Decree applies to plaintiff's claims for injunctive relief and does not resolve plaintiff's claims for fees, attorney's fees, litigation expenses and costs, which shall be the subject of further negotiation, litigation, or motion to the Court.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order: Case No. C05-2591 JCS** — 4 —

**CONSENT DECREE BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

10. This Consent Decree shall be binding on Plaintiff CHRISTINA ADAMS, Defendants, SAN FRANCISCO CENTRAL TRAVELODGE; RTRN INVESTMENT, LLC; and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree during the period of the Court's jurisdiction of this Consent Decree.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

11. Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

This waiver applies to the injunctive relief aspects of this action only and does not include resolution of plaintiff's claims for ~~damages~~ attorney fees, litigation expenses and costs.

12. Except for all obligations required in this Consent Decree, and exclusive of the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order: Case No. C05-2591 JCS** — 5 —

referenced continuing claim for ~~damages~~ attorney fees, litigation expenses and costs, each of the parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

13. This Consent Decree and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

14. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

15. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order.

Dated: November 14, 2005

Plaintiff CHRISTINA ADAMS [signed: Christina Adams, by Paul Rein with Christina's verbal authority in front of mediator Howard Newman]

Consent Decree and Order: Case No. C05-2591 JCS

- 6 -

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

1  Dated: November 15, 2005

              Defendant SAN FRANCISCO CENTRAL
              TRAVELODGE

5  Dated: November 15, 2005

              Defendant RTRN INVESTMENT, LLC

10 APPROVED AS TO FORM:

11 Dated: November 14, 2005        PAUL L. REIN
                                   PATRICIA BARBOSA
                                   JULIE MCLEAN
                                   LAW OFFICES OF PAUL L. REIN

                                   Attorneys for Plaintiff
                                   CHRISTINA ADAMS

18 Dated: November 15, 2005        HUNTER & BOVARNICK

                                   STEVEN H. BOVARNICK
                                   Attorney for Defendant
                                   RTRN INVESTMENT, LLC
                                   AND SAN FRANCISCO CENTRAL
                                   TRAVELODGE

### ORDER

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

Dated: Nov. 16, 2005

              Hon. Joseph C. Spero
              United States Magistrate Judge

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C05-2591 JCS

— 7 —

e:\travelodge\consent decree - travelodge.doc

**Attachment A to Consent Decree and Order**
**Christina Adams v. San Francisco Central Travelodge, et al.**
**CASE NO. C05-2591 JCS**
Page 1 of 2

The following injunctive relief is agreed upon between the parties as resolution to plaintiff's claims for injunctive relief as set forth in the action filed by Christina Adams on June 24, 2005 in the United States District Court, Northern District of California, Case No. C05-2591 JCS.

The parties agree that the corrective work set forth in this Attachment A will be performed in compliance with the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

1. **Parking:** Defendants will provide two (2) fully compliant disabled accessible parking spaces as close as practicable to the accessible entrance, one of which will be configured and designated a van accessible parking space. To achieve this, the van accessible space must be widened to 9 feet wide by 18 feet long. The slope in the parking spaces and loading zone may not exceed 2% in any direction (the curb ramp currently encroaches into the parking space, so the parking space or the ramp must be relocated).

2. **Exterior Paths of Travel:** Both curb ramps between the accessible parking and the hotel lobby must be rebuilt to slope no steeper than 8.33% and the ramp directly leading into the parking spaces must contain flared (i.e. beveled) sides no steeper than 10%. The curb ramps may not encroach into the parking spaces or loading zones. An accessible route will be provided from each of the accessible parking spaces to the hotel lobby entrance and from each of the accessible parking spaces to each of the accessible guestrooms.

3. **Lobby Entrances:** Defendants will provide a level landing at least 3 feet wide by 4 feet deep outside of the south entrance to the lobby. Defendants shall adjust the push pressure of the door to require no more than 8.5 pounds of pressure to operate. Alternatively, defendants may install a power door opener at the south entrance. The landing outside the north lobby entrance must be rebuilt such that the slope does not exceed 8.3%.

4. **Lobby Interior:** All literature provided will be provided in wall racks no more than 54" above the finished floor.

5. **Accessible Guestrooms:** Defendants will provide four accessible guestrooms. Each guestroom will include compliant door threshold (maximum 1/2" rise and beveled at maximum 50% slope); clear level landings on each side of the door; accessible maneuvering space and 36" wide routes connecting all elements in the room; clothing



E:\Travelodge\Attachment A to Consent Decree.doc

Attachment A to Consent Decree and Order
Christina Adams v. San Francisco Central Travelodge, et al.
CASE NO. C05-2591 JCS
Page 2 of 2

storage with clothing rods at no more than 48" high and, if the rod is in a closet or otherwise enclosed on 3 sides, the rod may be recessed no more than 24" deep; lever rather than knob hardware; and fully code-compliant accessible restroom facilities. One of the guestrooms will have a code-compliant accessible roll-in shower. The others will have accessible tub/shower units. The accessible guestrooms will be offered in a variety of types, amenities and price points.

6. **Policy Modification:** Defendants will modify their policies and procedures to ensure that accessible rooms are held for last booking.



E:\Travelodge\Attachment A to Consent Decree.doc